# United States Court of Appeals for the Fifth Circuit

————————

No. 23-10135
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

September 28, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Pablo Olalde-Suarez,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CR-407-1

————————————————————

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

Pablo Olalde-Suarez appeals, as substantively unreasonable, his 48-month, within-guidelines range sentence for illegal reentry by a deported alien. Olalde-Suarez advocated for a sentence below the guidelines range because, he argued, his age and an undischarged 25-year state sentence to be served before his federal sentence would effectively result in life

—————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

imprisonment.  He contends that the district court's decision to reduce his sentence by only three months from the top of the guidelines range of 41 to 51 months represented a clear error in balancing the 18 U.S.C. § 3353(a) factors because the court's expressed appreciation of his mitigation arguments cannot rationally be squared with such a small reduction.

We review the substantive reasonableness of a sentence for abuse of discretion.  *See Gall v. United States*, 552 U.S. 38, 51, 56 (2007).  Olalde-Suarez's within-guidelines range sentence is presumed to be substantively reasonable.  *See United States v. Diaz Sanchez*, 741 F.3d 289, 295 (5th Cir. 2013).  To rebut that presumption, he must show that his sentence fails to take in to account a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing the sentencing factors.  *See id.*

Olalde-Suarez fails to make the requisite showing.  The mere fact that the district court did not reduce his sentence to the degree requested does not mean that it did not take his mitigation arguments into account; to the contrary, it expressly did so.  However, the court also considered Olalde-Suarez's extensive criminal history and multiple prior illegal reentries as a counterweight to his mitigation arguments.  In settling on a 48-month sentence, the court cited a number of § 3553(a) factors, including Olalde-Suarez's history and characteristics, the nature and circumstances of the offense, and the need to provide just punishment, promote respect for the law, and afford adequate deterrence to criminal conduct. *See* § 3553(a)(1), (a)(2)(A)-(B).  That Olalde-Suarez disagrees with the balancing of the factors does not suffice to rebut the presumption of reasonableness.  *See United States v. Koss*, 812 F.3d 460, 472 (5th Cir. 2016).

The judgment is AFFIRMED.